963 F.2d 377
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
James Earl WILKINS, Appellant,
v.
Jack DAVIS, Sr.; Joe Stegal; Bill Bradshaw; Rodney Ivie;
Charles Moss, Appellees.
 No. 91-3835.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 11, 1992.
Filed: May 26, 1992.
 
 Before BOWMAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Earl Wilkins, a federal prisoner, appeals the district court's[1] grant of summary judgment to defendants in his 42 U.S.C. § 1983 action arising out of his pretrial detention at the Pemiscot County Jail in Caruthersville, Missouri. We affirm.
 
 
 2
 In his pro se complaint, Wilkins alleged he was attacked twice by an inmate with whom he shared a cell from December 14, 1989, to April 13, 1990. The incidents occurred on March 27 and April 5, 1990. Wilkins alleged the sheriff and deputies knew about the first altercation, but they failed to take any protective measures to avoid exposing him to further violence. Wilkins alleged his requests for medical attention and a transfer to a different cell were denied. As a result of the first attack, he sustained a head laceration and he experienced recurring headaches. Wilkins alleged he was eventually moved to another cell at the U.S. Marshal's direction, after he had endured pain and constant fear for his life.
 
 
 3
 After deposing Wilkins, defendants moved for summary judgment and filed supporting affidavits. Wilkins filed a response, copies of his medical records, and affidavits of two inmates supporting his allegations.
 
 
 4
 The district court assumed for purposes of defendants' motion that Wilkins requested medical care and a cell transfer and that defendants denied those requests. Nonetheless, the court granted the motion, holding that Wilkins failed to show either that defendants recklessly disregarded or were deliberately indifferent to his right to be free from violent attacks by other inmates, or that defendants failed to provide him with reasonable medical care. On appeal Wilkins argues only that the district court erred in not concluding that defendants were deliberately indifferent based on their failure to take action to prevent a second attack on him.
 
 
 5
 As the district court noted, due process prohibits the punishment of persons prior to an adjudication of guilt, but "[n]ot every disability imposed during pretrial detention amounts to 'punishment' in a constitutional sense." Bell v. Wolfish, 441 U.S. 520, 535-37 (1979). Due process " 'protects pretrial detainees both from deliberate exposure to violence and from failure to protect when prison officials learn of a strong likelihood that a prisoner will be assaulted.' " Anderson v. Gutschenritter, 836 F.2d 346, 349 (7th Cir. 1988) (quoting Matzker v. Herr, 748 F.2d 1142, 1150 (7th Cir. 1984)).
 
 
 6
 To establish that defendants failed to take adequate precautions to protect him from assault, Wilkins was required to show more than inadvertence or negligence; he had to show that " 'defendants were deliberately indifferent to his constitutional rights, either because they actually intended to deprive him of some right, or because they acted with reckless disregard of his right to be free from violent attacks by fellow inmates.' " Andrews v. Siegel, 929 F.2d 1326, 1330 (8th Cir. 1991) (citation omitted). To prove reckless disregard, Wilkins needed to show that defendants failed to respond reasonably to a pervasive risk of harm, see id., which " 'may not ordinarily be shown by pointing to a single incident or isolated incidents.' " Martin v. White, 742 F.2d 469, 474 (8th Cir. 1984) (citation omitted).
 
 
 7
 The district court properly concluded that Wilkins did not meet his burden. He did not show that the other inmate's conduct indicated he was a danger to Wilkins. In his deposition, Wilkins admitted that he had no notice of either attack. He also admitted that on both occasions he struck the inmate back rather than calling for help. Finally, the injury sustained in the first altercation was not so apparently severe as to suggest the existence of a pervasive risk of harm. Therefore, Wilkins failed to show that defendants acted with deliberate indifference or reckless disregard of his rights. See, e.g., Bailey v. Wood, 909 F.2d 1197, 1199-1200 (8th Cir. 1990).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri